IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAREK J. KITLINSKI
PO Box 40146
Arlington, VA 22204-7416

Plaintiff,

v.

DRUG ENFORCEMENT ADMINISTRATION
700 Army Navy Drive
Arlington VA 22202-4207

Defendant.

Case: 1:23-cv-00963
Assigned To : Mehta, Amit P.
Assign. Date : 4/7/2023
Description: FOIA/PRIVACY ACT (I-DECK)

Case No:

)
)
)
)
)
)
)
)
)

## COMPLAINT

## I. INTRODUCTION

1.  Plaintiff Darek J. Kitlinski ("Plaintiff") brings this action seeking declaratory

and injunctive relief to redress violations of the Freedom of Information Act

("FOIA"), 5 U.S. C. § 552, and the Privacy Act of 1974 ("PA"), 5 U.S.C. § 552(a)

*as amended* by Defendant Drug Enforcement Administraton  ("Defendant" or

"DEA") in failing to provide Plaintiff with all non-exempt records responsive to

his December 26, 2022, FOIA / PA request ("Request") sent to this Federal

Agency, seeking access to former employee email records based on keyword

search of "Kitlinski" and access to DEA Office of Professional Responsibility

(OPR) intelligence records generated and stored in an electronic internal network

1

shared drive entitled U:\Team A-HQ\PR Investigations\2015 Investigations\15-0014 Kitlinski Lisa (Chemist)\Intelligence Related

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (Federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552a(g)(5), and 28 U.S.C. § 1391(e).

## IV. PARTIES

4. **Plaintiff, Darek J. Kitlinski**, is an individual that has resided in Alexandria, Virginia, at all times relevant herein.

5. **Defendant, the Drug Enforcement Administration,** is a Federal Agency of the United States and is subject to FOIA and PA, pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA AND PRIVACY ACT

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt Agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires Federal Agencies to make a final determination on all FOIA

requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request unless the Agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request.  5 U.S.C. § 552(a)(6)(A)(I).

8.   FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal unless the Agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request.  5 U.S.C. § 552(a)(6)(A)(ii).

9.   FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the Agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii).  5 U.S.C. § 552(a)(6)C).

10.   FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the Agency from withholding agency records and to order the production of any Agency records improperly withheld from the complainant.  Under FOIA, the Federal Agency has the burden to sustain its actions.  5 U.S.C. § 552(a)(4)(B).

11.    Pursuant to FOIA, this Court may assess attorney fees and litigation costs

against the United States if Plaintiff prevails in this action.  5 U.S.C. §

552(a)(4)(E).

12.     The PA safeguards the public from the unwarranted collection, maintenance,

use, and dissemination of personal information contained in agency records.  *Bartel*

*v. F.A.A.*, 725 F.2d 1403, 1407 (D.C. Cir. 1984).  It does so by allowing an

individual to participate in ensuring that their records are accurate and properly

used and by imposing responsibilities on Federal agencies to maintain their records

accurately.  *Id.*

13.     The PA requires an agency, upon request by an individual, to allow the

individual to gain access to his record or any information pertaining to him, to

review the record, and have a copy of all or any portion thereof.  5 U.S.C. §

552a(d)(1).

14.     Additionally, the PA allows the individual to request an amendment of any

records pertaining to the individual.  *Id.* § 552a(d)(2)(A). The rationale for

disclosure is the greatest, and the limitations on withholding are the most minimal,

where individuals seek their own records.  *Greentree v. U.S. Customs Service*, 674

F.2d 74, 87 (D.C. Cir. 1982).  Within ten (10) business days of a Privacy Act

request to amend one's record, an Agency must acknowledge receipt of the request

and make any correction of any portion thereof that the individual believes is not

accurate, relevant, timely, or complete or inform the individual of its refusal to

amend the record and the reason for the refusal.  *Id.* § 552a(d)(2)(B).

15.    Pursuant to the PA, an agency is required to collect information "to the greatest extent practicable" from the individual when the information "may result in adverse determinations about an individual's rights, benefits, and privileges under Federal Programs." *Id.* § 552a(e)(2).

16.    The PA authorizes agencies to exempt certain filing systems from the foregoing requirements; however, the Agency must show that the information is properly subject to an identified PA exemption.  *Id.* 5 U.S.C. § 552a(j)-(k).

17.    To withhold documents from a requester's twin FOIA/PA request, an agency must demonstrate that the records fall within some exceptions under each act. *Martin v. Office of Special Counsel, MSPB,* 819 F.2d 1181, 1184 (D.C. Cir. 1987).  If a FOIA exemption 7 covers the documents, but a PA exemption does not, the documents must be released under the PA; if a PA exemption but not a FOIA exemption applies, the documents must be released under FOIA.  *Id.*

## VI.  FACTUAL ALLEGATIONS

18.    On or about December 26, 2022, Plaintiff submitted a FOIA/PA request via email sent to the Defendant, seeking access to email records contained in 11 employee[1] mailboxes based on a keyword search of the Plaintiff's last name of

---

[1] At the time of the FOIA/PA request, two employees named in the request were employed by the Agency, while the nine remaining were no longer associated or employed by the Agency.  As of the date of filing this action, only one employee -"Ms. Sandra Stevens"- named in the request remains employed by the Agency.

"Kitlinski." The date range for the record search was from February 1, 2011 to the present. Plaintiff also requested access to DEA Office of Professional Responsibility intelligence records generated and stored in an internal electronic network shared drive entitled U:\Team A-HQ\PR Investigations\2015 Investigations\15-0014 Kitlinski Lisa (Chemist)\Intelligence Related  Plaintiff submitted an endorsed Form DOJ-361 Certificate of Identity with the request. *See Exhibit "A"*

19.    On or about January 3, 2023, Defendant sent an email to the Plaintiff acknowledging receipt of the request, which was assigned case number 23-00006-FP.  Defendant also instructed the Plaintiff to provide the Defendant a DOJ Form-361 Certificatation of Identity endorsed by the Plaintiff's wife, Mrs. Lisa Kitlinski. See *Exhibit "B"*

20.    On or about January 3, 2023, Plaintiff sent the Defendant three DOJ Form-361 Certification of Identities completed and endorsed by Lisa Kitlinski, and their two daughters.   Plaintiff pre-emtively added DOJ Form-361 Certification of Identities for his daugthers given the significant likelihood that OPR's intelligence records contains information on the Plaintiff's family.  See *Exhibit "B"*

21.    On or about February 15, 2023, Plaintiff sent the Defendant a DOJ Form-361 Certification of Identity completed and endorsed by the Plaintiff's former

attorney Kevin Byrnes.[2] *See Exhibit "C"*

22.    On or about February 22, 2023, Defendant emailed the Plaintiff to provide

notice that a search yielded 10,000 potentially responsive records and claimed

that the search exhausted server space availability due to the large dataset and

date range. Defendant inquired whether the Plaintiff's was interested in

narrowing the scope of the request. *See Exhibit "D"*

23.     On or about February 23, 2023, Plaintiff emailed the Defendant, expressed

no interest in narrowing the scope of the request, and questioned the Plaintiff's

claim of "exhausted server space availability", which the Plaintiff considered

implausible or untruthful.  Plaintiff also informed the Defendant that he is

employed as a Senior IT Manager at a different Federal Agency and is considered

an expert in email communications, cloud technologies, and performing searches

and responses to FOIA requests. Plaintiff requested a rolling release of the

records sought.  *See Exhibit "D"*

24.    On or about March 9, 2023, Plaintiff submitted an administrative appeal to

the Department of Justice Office of Information Policy ("OIP") for the  failure

of the DEA to provide Plaintiff access to the records requested in December

2022. *See Exhibit "E"*

25.    On or about March 10, 2023, OIP sent Plaintiff an automated email

---

[2] Mr. Byrnes previously initiated FOIA litigation against the Defendant before this Court that remains

ongoing.  **Kevin Byrnes vs. Department of Justice C.A. No. 19-0761**

acknowledging receipt of the appeal, which was assigned case number A-2023-00893. *See Exhibit "F"*

26.    As of the date of the filing of this action, Plaintiff received no other response or corrospondance from OIP.

27.    As of the date of the filing of this action, Plaintiff has not received copies of the records he requested from his December 26, 2022, FOIA/PA request.

## VII. CLAIMS FOR RELIEF

28.    Plaintiff realleges, as if fully set forth herein, paragraphs 1-27 previously set forth herein.

29.    Defendant violated FOIA and PA by failing to provide Plaintiff with all non-exempt responsive records for his December 26, 2022, FOIA/PA request and by failing to complete an adequate search reasonably calculated to locate all responsive records to this FOIA/PA request.

30.    By failing to provide Plaintiff with all non-exempt responsive records to his December 26, 2022, FOIA/PA request as described in paragraph 18 by failing to perform an adequate search for responsive records, Defendant has denied Plaintiff's right to this information as provided by the law under FOIA and PA.

31.    Defendant has violated FOIA and PA by failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's December 26, 2022, FOIA/PA request at issue in this action.

32.    By failing to perform an adequate search reasonably calculated to locate all

responsive records to Plaintiff's December 26, 2022, FOIA/PA request,
Defendant has denied Plaintiff's right to this information, as provided by law
under FOIA and PA.

33.     Unless enjoined by this Court, Defendant will continue to violate Plaintiff's
legal rights to be provided with copies of the records he requested in his FOIA/PA
request described in paragraphs18.

34.     Plaintiff is directly and adversely affected and aggrieved by Defendant's
failure to provide responsive records to his FOIA/PA request described above.

35.     Plaintiff has been required to expend costs, such as court filing fees, to
prosecute this action.

36.     If Plaintiff attains legal counsel to assist in this litigation, Plaintiff is
entitled to reasonable costs of litigation, including attorney fees pursuant to
FOIA 5 U.S.C. § 552(a)(4)(E).

## VIII.  REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for
Plaintiff providing the following relief:

37.     Declare Defendant has violated FOIA and PA by failing to provide Plaintiff
with all non-exempt records responsive to his December 26, 2022, FOIA/PA
request.

38.      Declare Defendant has violated FOIA and PA by failing to complete an
adequate search for records responsive to Plaintiff's December , 2022, FOIA/PA

9

request.

39.    Direct by injunction that Defendant perform an adequate search for records responsive to his December 26, 2023, FOIA/PA request and provide Plaintiff with all non-exempt responsive records to Plaintiff's December 26, 2022, FOIA/PA request.

37.    Grant Plaintiff's costs of litigation as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and, provide such other relief as the Court deems just and proper.

DATED: This 7th day of April 2023.

 Respectfully submitted,

DAREK J. KITLINSKI
PO Box 40146
Arlington VA 22204-7416
Mobile: (858) 442-4429
Fax/Message (800) 688-5429
darek@kitlinski.net